OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiffs-appellants seek to recover certain real and personal property, located in the State of Florida, which they transferred to defendants in payment of compensation for services rendered. Defendants were personally served in Florida, the State of their residence, and the Appellate Division granted their cross motion to dismiss the complaint for lack of personal jurisdiction (made in response to a motion by plaintiffs to compel an examination before trial).
In support of their assertion that the New York court has jurisdiction over defendants, plaintiffs advance two arguments. First, they contend that defendants were transacting business within the State of New York within the contemplation of CPLR 302 (subd [a], par 1). The record does not support this contention.* The compensation paid defendants was for services which they had rendered to plaintiffs in connection with the design and implementation of a tax-saving plan pursuant to which plaintiffs would transfer assets in trust to a tax-exempt corporation organized under the laws of Georgia. After the plan was agreed on, real property located in the State of New York was conveyed to the charitable corporation as the trust res. Plaintiffs made no allegation that any of the negotiations with defendants leading to the establishment of the tax-saving program, to the conveyance of the real property, or to the agreement for compensation took place in the State of New York, and defendants assert that all such negotiations (and later the payment of the compensation) occurred in the State of Florida. None of the defendants was present *982 in New York when the property was transferred to the charitable corporation. Plaintiffs do allege that defendants contacted New York banks for appraisals of the property, and it is true that one of the defendants came to New York to view the property with a representative of the charitable corporation, but no negotiations then took place. These activities, however, are not sufficient to provide a basis for jurisdiction under CPLR 302 (subd [a], par 1).
Second, defendants assert that jurisdiction may be sustained under the provisions of CPLR 302 (subd [a], pars 2, 3) — the commission of a tortious act within the State of New York or without the State causing injury to a person or property within the State. The tortious conduct is alleged to have consisted of fraud and deceit in obtaining the compensation, more particularly collusion between one defendant and the tax-exempt corporation and fraudulent misrepresentation by defendants as to their legal authority to carry on business in the State of New York. Whatever may be said of the legal sufficiency of these allegations, there is no showing that any of the misconduct charged took place in New York or that any injury was caused to person or property in New York.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.

 The record contains no proof on behalf of plaintiff as to activities of defendants pertinent to the jurisdictional issues other than the conclusory allegations of their verified complaint. Most of the description of defendants’ activities has, therefore, been drawn from their own submissions.