**WESTVILLE HOLDINGS, INC.,**
**Plaintiff,**

v.

**AMERICAN PETROLEUM PARTNERS,**
**Donald Ginsberg and Jeffrey**
**Weiss, Defendants.**

**No. 84 Civ. 2763–CLB.**

United States District Court,
S.D. New York.

Sept. 5, 1984.

Franklin B. Velie, Christy & Viener, New York City, for plaintiff.

Jeffrey C. Slade, Meister Leventhal & Slade, New York City, for defendants.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By motion, defendants seek to dismiss on jurisdictional grounds for want of complete diversity of citizenship. At issue is the citizenship of a limited partnership, in this case, American Petroleum Partners (hereinafter "American," or "the partnership").[1]

The question of whether the citizenship of a limited partner in the same state as an adverse party destroys diversity when the partnership is sued was first considered by our Court of Appeals in *Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178, 183 (2d Cir.), *cert. denied*, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966). In *Colonial Realty*, federal claims arising under the securities acts were pleaded along with contract and tort claims. Diversity and federal question jurisdiction was relied upon. The late Judge Croake of this Court dismissed the

---

1. At oral argument it was apparently conceded that an evidentiary hearing would show that plaintiff, a Delaware corporation, has its principal office in New York and that the defendant American Petroleum Partners is a Texas limited partnership whose sole general partners, defendants Ginsberg and Weiss are both Texas citizens, although one of the limited partners, David I. Faust, is a citizen of New York. The Texas Civ.St.Ann. Art. 6132a–Sec. 27 (Vernon 1984) differs in no material fashion from New York Partnership Law § 115.

federal claims as insufficient in law and stayed the state law claims pending arbitration. On appeal, a panel opinion held:

"The argument is that a limited partner of Bache & Co. is a citizen of Delaware and that diversity is thereby destroyed under the venerable doctrine of *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). The district judge recognized that the citizenship of a limited partnership was not sufficiently made out for diversity purposes by alleging the state of its organization, even though state law permitted the partnership to sue or be sued in the firm name. *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900). But he correctly held that where, as here, there was diversity between the plaintiff and all the general partners of the defendant, identity of citizenship between the plaintiff and a limited partner was not fatal because under the applicable New York statute a limited partner 'is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership.' N.Y. Partnership Law § 115. In the absence of a claim of insolvency of the partnership [citations and footnote omitted], a suit brought against a New York partnership must thus be considered to be against the general partners only and identity of citizenship between a limited partner and the plaintiff does not destroy diversity."

Movant concedes that the rule of *Colonial Realty* remains in force in this Circuit, but argues that its teaching was overruled by implication in the subsequent jurisprudence of a Supreme Court hostile to diversity jurisdiction. In *Navarro Savings Assn. v. Lee*, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), relied on by movant, that Court considered "whether the trustees of a [Massachusetts] business trust may invoke the diversity jurisdiction of the federal courts on the basis of their own citizenship rather than that of the trust's beneficial shareholders" (*Id.* at 458, 100 S.Ct. at 1780), and held that the respondents, who were not "naked trustees" or "mere conduits," could invoke diversity removal jurisdiction. *Colonial Realty* was not cited in *Navarro*, and the trustees seem to have possessed all of the powers and duties of general partners with regard to the property and business of a limited partnership.

In *Elston Investment Ltd. v. David Altman Leasing Corp.*, 731 F.2d 436 (7th Cir. 1984) a panel of the Seventh Circuit held that the citizenship of all partners, general and limited, is "relevant" to a determination of the partnership's citizenship for diversity purposes. In so doing, it purported to rely on *Navarro*, and criticized *Colonial Realty* as resting on "only a short discussion and no supporting case cites." (*Id.* at 438) [2] The limited partnership in that case was organized under Illinois law. Similarly, in *Trent Realty Association v. First Federal Savings and Loan Association*, 657 F.2d 29, 32 (3d Cir.1981), the Third Circuit, relying on its own prior decision in *Carlsberg Resources Corp. v. Cambria Savings & Loan Association*, 554 F.2d 1254 (3d Cir.1977), held that citizenship of a limited partner destroys diversity if identical with that of an adverse party.

In *Carlsberg Resources*, reasoning from cases involving unincorporated associations, partnerships with only a single class of partner and joint stock associations, the Third Circuit held that the citizenship of a limited partner could destroy diversity under those circumstances. Its comment concerning *Colonial Realty* is of passing interest:

"Basically, the decision in *Colonial Realty* rested on New York law pertaining to

---

**2.** This rhetorical slap in the face from a sister circuit adds heat but no light. A "short discussion" of anything by Judge Friendly, concurred in by Judge Lumbard and our late beloved friend and colleague Joe Smith, a former District Judge and Member of Congress, is likely to be of greater value than a lengthy work of supererogation by somebody else, just crammed full of long quotations from some law review article. And there was little else to quote on the subject in 1966, when Judge Friendly wrote.

the capacity to sue and be sued of limited partners. Under such law, a limited partner is 'not a proper party to proceedings by or against a partnership ....' [Footnote omitted]. Apparently, the Second Circuit reasoned that a limited partner should not be 'counted' for diversity purposes if such individual himself has no capacity to sue or be sued on behalf of the partnership."

While a respectable argument can be made that a limited partnership is more like an unincorporated association than it is like a Massachusetts business trust, we find nothing in the Supreme Court's decision in *Navarro* which permits or requires this Court to foresake the binding precedent of *Colonial Realty* in order to embrace the more recently derived contrary doctrine of the Third and Seventh Circuits.

The motion is denied. This Court declines to certify the question under 28 U.S.C. § 1292(b) for interlocutory appeal.

A pre-trial conference will be held before me on September 18, 1984 at 9:30 A.M. in Courtroom 705 for the purpose of ascertaining whether there is a defense on the merits, and if so whether any pretrial discovery is required.

So Ordered.