Anthony **PAPPAS**, Plaintiff,

v.

George **ARFARAS**, Irene Arfaras, Cider Mill Farms Limited Partnership, A–C Associates, Inc., Newtown Sports Center Limited Partnership, Newtown Sports Properties Limited Partnership, Defendants.

No. 89 CV 106.

United States District Court, E.D. New York.

May 11, 1989.

Anthony Pappas, pro se.

Schlam Stone & Dolan (Richard H. Dolan, of counsel), New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendants move to dismiss the Complaint pursuant to (1) Fed.R.Civ.P. 12(b)(1) and 12(h) on the ground that the Court lacks subject matter jurisdiction; (2) Fed.R. Civ.P. 12(b)(2) on the ground that the Court does not have personal jurisdiction over them; (3) Fed.R.Civ.P. 12(b)(6) on the ground that the Complaint does not state a claim against defendants Irene Arfaras, Newtown Sports Limited Partnership ("Newtown Sports Center"), Newtown Sports Properties Limited Partnership ("Newtown Properties"), and A–C Associates, Inc.; (4) Fed.R.Civ.P. 12(c) and 56 on the ground that the breach of contract, fraud, negligence, conversion and state securities law claims are time-barred or meritless as a matter of law; and (5) Fed.R.Civ. P. 9 on the ground that the fraud and state securities law claims are not pleaded with particularity. Finally, defendants seek pursuant to Fed.R.Civ.P. 12(e) a more definite statement of any claims not dismissed. For the reasons discussed below, the motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(2) is granted.

### FACTS

Plaintiff is a citizen of New York and a limited partner of defendant Cider Mill Farms Limited Partnership ("Cider Mill"). The *pro se* Complaint alleges that defendant George Arfaras is a citizen of Connecticut, a general partner of Cider Mill, Newtown Sports Center and Newtown Property and an officer and controlling shareholder of A–C Associates. Defendant Irene Arfaras, George Arfaras' wife, is also citizen of Connecticut, a limited partner of Cider Mill and Newtown Sports Center and an officer and controlling shareholder of A–C Associates. Defendants Cider Mill, Newtown Sports Center and Newtown Properties are limited partnerships organized under the laws of Connecticut. Defendant A–C Associates is a Connecticut corporation with its principal place of business in Connecticut.

Cider Mill was formed in 1977 for the purpose of purchasing a 93–acre parcel of

real property located in Newtown, Connecticut for investment, development and sale. The partnership agreement provides that Cider Mill's existence would terminate in 1987 upon a vote of the partners holding an interest of more than 70 percent. In March 1978, Cider Mill sold two acres of the property. The remaining 91 acres were sold in 1987 to Newtown Estates Limited Partnership ("Newtown Estates"), which simultaneously purchased an adjacent 47–acre parcel of real property from defendant A–C Associates. Plaintiff alleges that he was not informed of this transaction until it was completed. Plaintiff further alleges that in November 1987 he received an uncertified and inadequate accounting, which was the first financial statement he received from Cider Mill since its formation.

Plaintiff brings this diversity action alleging that (1) defendant George Arfaras breached his fiduciary duties as a general partner; (2) defendants George and Irene Arfaras committed various acts of fraud in the formation of the partnership, the preparation of the partnership agreement and the sale of the partnership property; (3) the sale of the limited partnership interest to plaintiff violated N.Y.Gen.Bus.L. Article 23–A and the Uniform Securities Act adopted by Connecticut; (4) defendants "appropriated and used" partnership assets and sold limited partnership interests to certain individuals in violation of the Uniform Limited Partnership Act adopted in Connecticut; (5) defendants were negligent in conducting the affairs of the partnership and thereby violated a duty care owed to plaintiff; (6) plaintiff purchased and retained his interest in the partnership only as a result of defendant George Arfaras' misrepresentations; and (7) defendants breached the partnership agreement.

Plaintiff seeks an accounting, distribution, the removal of defendant George Arfaras as general partner, and compensatory and exemplary damages. Plaintiff also seeks a preliminary injunction barring further disbursements of partnership assets and the imposition of a constructive trust on defendants' assets and properties.

## DISCUSSION

Defendants initially challenge this Court's power to hear and decide this action. The Complaint invokes the jurisdiction of this court on the basis of diversity of citizenship, 28 U.S.C. § 1332. No claims arising under federal law are alleged. Defendants argue that the New York citizenship of certain limited partners of Cider Mill destroys diversity jurisdiction.

Judge Friendly penned what remains, characteristically, the controlling authority [1] in this Circuit for determining the citizenship of a partnership:

> where ... there [is] diversity between the plaintiff and all the general partners of the defendant, identity of citizenship between the plaintiff and a limited partner [is] not fatal because under the applicable New York statute a limited partner "is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership." N.Y. Partnership Law § 115. In the absence of a claim of insolvency of the partnership, ... a suit brought against a New York partnership must thus be considered to be against the general partners only and identity of citizenship between a limited partner and the plaintiff does not destroy diversity.

*Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178, 183–84 (2d Cir.), *cert. denied*, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966) (citations omitted).

Defendants focus on the exception to this rule, arguing that the citizenship of Cider Mill's limited partners must be considered because this action " 'seeks to enforce a limited partner's right against ... the partnership.' " *Id.* (quoting N.Y. Partnership

---

**1.** Defendants suggest that *Colonial Realty* was overruled by the Supreme Court in *Navarro Savings Association v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). That view has been rejected in *Gilbert Switzer & Associates v. National Housing Partnership,* 641 F.Supp. 150, 153 (D.Conn.1986) and *Westville Holdings, Inc. v. American Petroleum Partners,* 592 F.Supp. 44, 46 (S.D.N.Y.1984), and is similarly rejected here.

L. § 115). The question is not free from difficulty.

There appears to be no prevailing rule whether in an action by a limited partner against the partnership, other limited partners are indispensable parties when their joinder would destroy diversity jurisdiction. Some courts have concluded that the real parties to the controversy are the general partners and, accordingly, have considered only their citizenship. *See, e.g., Shlomchik v. Richmond 103 Equities Co.,* 662 F.Supp. 365, 370 (S.D.N.Y.1986); *Wroblewski v. Brucher,* 550 F.Supp. 742, 745 (W.D.Okla. 1982); *Sixth Geostratic Energy Drilling Program 1980 v. Ancor Exploration Co.,* 544 F.Supp. 297, 302 (N.D.Okla.1982); *C.P. Robinson Construction Co. v. National Corporation for Housing Partnerships,* 375 F.Supp. 446, 449 (M.D.N.C.1974). Other courts, employing an analysis under Fed.R.Civ.P. 19(b), have concluded that the limited partners are necessary parties whose citizenship must be evaluated for diversity purposes. *See, e.g., Schmidt v. E.N. Maisel and Associates,* 105 F.R.D. 157, 159–61 (N.D.Ill.1985).

Connecticut law does not empower limited partners to sue or be sued on behalf of a limited partnership. *See Gilbert Switzer & Associates v. National Housing Partnership,* 641 F.Supp. 150, 152 & n. 1 (D.Conn. 1986) (quoting C.G.S. § 34–34a). Section 34–34a of the Connecticut Limited Partnership Act, which was adopted from § 1001 of the Uniform Limited Partnership Act (1976), however, provides that

A limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed.

C.G.S. § 34–34a.

This section is the appropriate vehicle for bringing an action, similar to the one at bar, for mismanagement, negligence, diversion of assets, actions beyond authority, or failure to perform duties. *See Partnership Equities, Inc. v. Marten,* 15 Mass. App. 42, 443 N.E.2d 134, 138–39 (1982). It

thus appears that an action under § 34–34a fits within the exception to Judge Friendly's rule because—"the object is to enforce a limited partner's right ... against the partnership." *Colonial Realty, supra,* 358 F.2d at 183–84.

In this context, *Gilbert Switzer, supra,* 641 F.Supp. at 153, and *Westville Holdings Inc. v. American Petroleum Partners,* 592 F.Supp. 44, 46 (S.D.N.Y.1984), are readily distinguishable because the actions therein were brought against a partnership by third parties, not by limited partners. Thus, the general rule of excluding the citizenship of the limited partners from the diversity calculus was properly employed.

The Court thus concludes that in this action by a limited partner against a limited partnership for the vindication of his rights as a limited partner, all the partners—general and limited—are necessary parties and furthermore, that the non-diverse citizenship between a limited partner plaintiff and any one limited partner defendant destroys jurisdiction under 28 U.S.C. § 1332. Although, as discussed above, some courts have come to a contrary conclusion, it is apparent that they have reached this conclusion by ignoring the exception that Judge Friendly carved out in *Colonial Realty.*

Moreover, a correct analysis under Rule 19(b) leads to the same result. *See Schmidt, supra,* 105 F.R.D. at 159–61; *Gottlieb v. Vaicek,* 69 F.R.D. 672 (N.D.Ill. 1975), *aff'd without opinion,* 544 F.2d 523 (7th Cir.1976). The equitable relief plaintiff seeks, specifically, an accounting, requires a determination that would directly affect the rights of all the limited partners. *See Weidlich v. Weidlich,* 147 Conn. 160, 157 A.2d 910, 913 (1960). The absence of some limited partners may, therefore, subject Cider Mill to subsequent lawsuits and inconsistent judgments. It would also be difficult for the Court to craft protective measures that would minimize the prejudice described above. Finally, the Court cannot discern any valid reason why this action could not be brought in Connecticut state court, which is clearly the more appropriate forum.

Accordingly, the Court concludes that the existence of indispensable non-diverse limited partners destroys jurisdiction under 28 U.S.C. § 1332.

■ A contrary conclusion, however, would not save this Complaint from dismissal because the Court also concludes that it cannot exercise personal jurisdiction over the non-resident defendants.

Jurisdiction over the defendants in this diversity action must be determined by the law of New York. *CutCo Industries v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986). Non-domicillaries are subject to personal jurisdiction in New York as provided in N.Y.C.P.L.R. § 302. Section 302(a) provides that "a court may exercise personal jurisdiction over any non-domicillary ... who in person or through an agent: 1. transacts any business within the state; or 2. commits a tortious act within the state ...; 3. commits a tortious act without the state causing injury to person or property within the state ...; or 4. owns, uses or possesses any real property situated within the state." N.Y.C.P.L.R. § 302(a). Plaintiff does not suggest the specific theory applicable to this case. Upon a thorough review of the record, however, it appears that if jurisdiction over the defendants can be found at all, it must be found in CPLR 302(a)(1).

In *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 527 N.Y.S.2d 195, 522 N.E.2d 40 (1988), the New York Court of Appeals described § 302(a)(1) as "a 'single act statute' [where] proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Id.* 527 N.Y.S.2d at 198–99, 522 N.E.2d at 42–43.

In support of his claim that defendants are amenable to jurisdiction in this Court, plaintiff alleges that (1) Cider Mill and A–C Associates sold their property to Newtown Estates, a Delaware partnership that conducts business in New York; the guarantor of the mortgages obtained by Newtown Estates and its managing agent are New York corporations; (2) some of the limited partners of Cider Mill and Newtown Sports are New York citizens; (3) A–C Associates has obtained funds from New York citizens; (4) defendant George Arfaras entered New York during the period 1981–83; and (5) defendant Irene Arfaras "answered telephone calls concerning the partnership." Affidavit of George Michael Grillos, Mar. 11, 1989. *See* Memorandum of Law in Opposition to Defendant's Motion at 5–6.

These averments cannot reasonably be interpreted as a basis from which to conclude that defendants availed themselves of "the privilege of conducting activities within [New York], thus invoking the benefits and protections of its law." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

Clearly, whether Newtown Estates, the purchaser of the Cider Mill property and a non-party, conducts business in New York is irrelevant. Similarly, the mere fact that some of the limited partners of Cider Mill and Newtown Sports are citizens of New York or that A–C Associates is supported by funds from New York citizens does not amount to "purposeful activity" attributable to defendants in the state. *See Faherty v. Fender,* 572 F.Supp. 142, 145–148 (S.D.N.Y.1983). In addition, mere telephone communication by defendant Irene Arfaras to plaintiff in New York is insufficient to justify the exercise of jurisdiction. *See Mayes v. Leipziger,* 674 F.2d 178 (2d Cir.1982).

■ The only jurisdictional allegation that is worthy of any serious consideration is set forth in an affidavit of Nick Boubaris, a limited partner and relative of defendant Irene Arfaras. Mr. Boubaris states that "[d]uring the process of obtaining additional funds for the Cider Mill Farms Limited partnership in 1981–83, George Arfaras personally came to my home in Brooklyn twice. On one occasion we even had lunch in the Flatbush area of Brooklyn." There is no allegation, however, that defendant George Arfaras purposefully entered New York to seek the funds from Boubaris (or any other individual), or to execute any agreement or to otherwise engage in substantial negotiations. The absence of such facts renders the exercise of

jurisdiction improper, *see Dogan v. Harbert Construction Corp.*, 507 F.Supp. 254, 260–62 (S.D.N.Y.1980); *Roddy v. Schmidt,* 57 N.Y.2d 979, 981–82, 457 N.Y.S.2d 234, 235, 443 N.E.2d 482, 483 (1982); *Weiss v. Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff,* 85 A.D.2d 861, 861, 446 N.Y.S.2d 447, 449 (3rd Dep't 1981), even if the Court assumes that a "substantial relationship" exists between defendant George Arfaras' meeting with Boubaris in New York and plaintiff's claim. *See Kreutter, supra,* 527 N.Y.S.2d at 198, 522 N.E.2d at 42. Since plaintiff has failed to make even a *prima facie* showing that the exercise personal jurisdiction over defendant George Arfaras is proper, the Court need not reach the issue whether his activities in New York may be attributed to defendant Cider Mill on an agency theory. *See id.* Accordingly, there is no basis upon which this Court could exercise jurisdiction over the non-resident defendants.

### CONCLUSION

Defendants' motion pursuant to Fed.R. Civ.P. 12(b)(1) and 12(b)(2) to dismiss the Complaint for lack of subject matter jurisdiction and personal jurisdiction over defendants is hereby granted and the action is hereby dismissed.

SO ORDERED.